**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**MISSOULA DIVISION**

_____

JOSE "LEO" JIMENEZ,
and LISA JIMENEZ                    CAUSE NO. CV 06-164-M-DWM-JCL

         Plaintiffs,

     v.

                                    FINDINGS AND RECOMMENDATIONS
                                    OF U.S. MAGISTRATE JUDGE
LIBERTY NORTHWEST INSURANCE
CORP. d/b/a LIBERTY MUTUAL
FIRE INSURANCE CO. d/b/a
LIBERTY NORTHWEST

         Defendant.

_____

     On October 10, 2006, Plaintiffs Jose "Leo" and Lisa Jimenez

filed this action against Defendant Liberty Northwest Insurance

Corp. for its alleged mishandling of Mr. Jimenez's workers'

compensation claims.  Defendant moved to dismiss all counts of

the Plaintiffs' Complaint for failure to state a claim upon which

relief can be granted.

     Having considered the allegations in the Complaint and the

parties' briefs the Court enters the following:

FINDINGS AND RECOMMENDATION OF
U.S. MAGISTRATE JUDGE - PAGE 1

**RECOMMENDATION**

1.  Defendant's Motion to Dismiss should be **GRANTED** with regard to Count IV of the Plaintiffs' Complaint alleging violations of Plaintiffs' rights to privacy and due process under the Montana Constitution, and those claims should be **DISMISSED.**

2.  Defendant's motion should be **GRANTED** with regard to Plaintiffs' claim for punitive damages, but only to the extent the claim is based on the allegation of "actual fraud." Plaintiffs' claim for punitive damages based on actual fraud should be **DISMISSED** without prejudice.

3.  Defendant's Motion to Dismiss should be **DENIED** in all other respects.

**NOW, THEREFORE, IT IS ORDERED** that the Clerk shall serve a copy of the Findings and Recommendation of the United States Magistrate upon the parties.  The parties are advised that pursuant to 28 U.S.C. § 636, objections to these findings must be filed with the Clerk of Court and copies served upon opposing counsel within 10 days after receipt hereof, or objection is waived.

DATED this __11th__ day of April, 2007.


                              _/s/ Jeremiah C. Lynch_____
                              Jeremiah C. Lynch
                              United States Magistrate Judge



FINDINGS AND RECOMMENDATION OF
U.S. MAGISTRATE JUDGE - PAGE 2

**RATIONALE**

## I.   INTRODUCTION

This lawsuit stems from Jose "Leo" Jimenez's workers' compensation claims which Defendant adjusted or handled.  Mr. Jimenez was employed with Tyler & Hoerning Motors, Inc. in Dillon, Montana.  On December 10, 2003, Mr. Jimenez sustained a head injury when he slipped and fell on ice in Tyler & Hoerning's parking lot while working within the course and scope of his employment.  Mr. Jimenez's head injury resulted in a disability which rendered him unable to return to work.

At the time of Mr. Jimenez's accident, Tyler & Hoerning was enrolled under Compensation Plan II of the Workers' Compensation Act, and Defendant insured that compensation plan.  Defendant accepted liability for Mr. Jimenez's claims, and it adjusted and handled his claims.

As set forth in Plaintiffs' Complaint, during the process of adjusting Mr. Jimenez's workers' compensation claims various disputes arose between Mr. Jimenez and Defendant with regard to various coverages.  The parties primarily disputed the extent of domiciliary care services Mr. Jimenez required, and the hourly rates of compensation Defendant would agree to pay the domiciliary care givers.

On February 13, 2006, Mr. Jimenez petitioned the Montana Workers' Compensation Court for a hearing regarding his claims.

FINDINGS AND RECOMMENDATION OF
U.S. MAGISTRATE JUDGE - PAGE 3

On August 16, 2006, Mr. Jimenez and Defendant entered a
Stipulation for Dismissal Without Prejudice which apparently
settled all aspects of Mr. Jimenez's workers' compensation claims
with the exception of issues surrounding his potential future
medical improvement and his future domiciliary care needs.  With
regard to those reserved issues the Stipulation states as
follows:

> 2.  The parties agree that, on and after November 2, 2005,
> Respondent is responsible for sixteen hours per day of
> domiciliary care for Petitioner as prescribed by
> Petitioner's treating physician, Dr. Burke Hansen.
> Respondent agrees to pay the Petitioner ongoing domiciliary
> care benefits for sixteen hours per day **until medical
> information from Petitioner's treating physician establishes
> that Petitioner's medical condition has improved so that a
> lesser number of daily domiciliary care hours or none is
> appropriate for Petitioner.**

(Complaint ¶ 61 (emphasis added).)  As discussed below, this
unresolved contingency in the Stipulation is one of the grounds
on which Defendant relies to request dismissal of Plaintiffs'
statutory and common law bad faith claims.

Based on the parties' Stipulation the Workers' Compensation
Court subsequently dismissed Mr. Jimenez's workers' compensation
action without prejudice on August 25, 2006.

The Plaintiffs filed this action on October 10, 2006.  Their
Complaint asserts causes of action stemming from the way in which
Defendant handled and adjusted Mr. Jimenez's workers'
compensation claims.  The Plaintiffs allege Defendant is liable

for violations of the Montana's Unfair Trade Practices Act (UTPA), common law bad faith, negligent and intentional infliction of emotional distress, and violations of Montana's constitutional rights of privacy and due process.  Plaintiffs also request an award of punitive damages based on Defendant's alleged fraudulent and malicious handling of Mr. Jimenez's underlying workers' compensation claim.

## II.  APPLICABLE LAW

Under Fed. R. Civ. P. 12(b)(6), a complaint should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim that would entitle him to relief.  *Tanner v. Heise*, 879 F.2d 572, 576 (9th Cir. 1989); *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  The court must accept all allegations of material fact as true, *Hospital Bldg. Co. v. Rex Hospital Trustees*, 425 U.S. 738, 740 (1976), and construe the pleading in the light most favorable to the nonmoving party.  *Tanner*, 879 F.2d at 576.  Nonetheless, dismissal can still be granted if there is a lack of a cognizable legal theory or if there is an absence of facts alleged under a cognizable legal theory.  *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984).

Generally, a court may look only at the face of the complaint when resolving a motion to dismiss.  F. R. Civ. P. 12(b).  However, where a document is incorporated by reference in

FINDINGS AND RECOMMENDATION OF
U.S. MAGISTRATE JUDGE - PAGE 5

the complaint, or where the plaintiff's complaint quotes or refers extensively to one important document, the court may properly consider the document without converting the motion into one for summary judgment. *See U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) and *In re Silicon Graphics, Inc. Securities Litigation*, 183 F.3d 970, 986 (9th Cir. 1999).

## III. DISCUSSION

### A.  Statutory and Common Law Bad Faith

Defendant moves to dismiss Plaintiffs' statutory and common law bad faith claims on the basis the claims are premature and are barred from review pursuant to Mont. Code Ann. § 33-18-242(6)(b).  That subsection of the statute states as follows:

> (b) A third-party claimant may not file an action under this section until after the underlying claim has been settled or a judgment entered in favor of the claimant on the underlying claim.

Defendant contends Mr. Jimenez's workers' compensation case is not settled in light of the future domiciliary care issues reserved in the parties' Stipulation as quoted above.  Defendant also contends there is no judgment entered in Mr. Jimenez's favor since the Workers' Compensation Court dismissed his case without prejudice.

Since Mr. Jimenez is a workers' compensation claimant the law characterizes him as a "third-party claimant".  *See generally Poteat v. St. Paul Mercury Ins. Co.*, 277 Mont. 117, 918 P.2d 677

FINDINGS AND RECOMMENDATION OF
U.S. MAGISTRATE JUDGE - PAGE 6

(1996) and *Grenz v. Orion Group, Inc.*, 243 Mont. 486, 795 P.2d 444 (1990).  Montana law allows a third-party claimant to bring an action for both statutory and common law bad faith. *Brewington v. Employers Fire Co.,* 1999 MT 312, ¶ 13, 297 Mont. 243, ¶ 13, 992 P.2d 237, ¶ 13 (Mont. 1999).  A third-party claimant's bad faith claims are, however, subject to the finality requirement of Mont. Code Ann. § 33-18-242(6)(b).

The inherent nature of workers' compensation claims and the workers' compensation system creates a piecemeal process.  There are various workers' compensation benefits available to a claimant at different stages as a workers' compensation claim proceeds through the system.  *O'Connor v. Nat'l Union Fire Ins. Co.*, 2004 MT 65, ¶ 30, 320 Mont. 301, ¶ 30, 87 P.3d 454, ¶ 30 (J. Nelson, concurring).  A workers' compensation claimant can obtain a particular statutory benefit to which the claimant is entitled at that time without resolving the entirety of his workers' compensation case.  *Id.*  Therefore, some workers' compensation claims can be settled or otherwise finally resolved, leaving other claims left open or reserved for later disposition.  *Id.* ¶ 36.

In light of the workers' compensation system's piecemeal process, the decisional law in Montana recognizes that independent insurance bad faith claims become ripe at different times in a workers' compensation case, and will not be barred by

Mont. Code Ann. § 33-18-242(6)(b) if there is "a settlement or judgment relating to the specific dispute in the workers' compensation case from which the alleged bad faith conduct arose." *O'Connor*, at ¶¶ 17 and 22.  A bad faith claim arising out of a separate and independent disputed workers' compensation issue is ripe for review if the disputed workers' compensation issue is resolved "regardless of the existence or absence of a resolution of other issues within the workers' compensation case." *Id.*

In *O'Connor* the Workers' Compensation Court awarded the plaintiff benefits, but left "unresolved the ultimate determinations of the extent and duration of the worker's disability[.]" *O'Connor*, at ¶ 2.  The Montana Supreme Court concluded the plaintiff's bad faith claims accrued when the Workers' Compensation Court entered a judgment for benefits even though there remained unresolved issues of additional benefits. *Id*. at ¶ 28.

In *Poteat v. St. Paul Mercury Ins. Co.*, 277 Mont. 117, 918 P.2d 677 (1996) the Montana Supreme Court similarly recognized the viability of independent bad faith claims even when there is no final resolution of the entire underlying workers' compensation case.  In *Poteat* a workers' compensation claimant settled her claims for workers' compensation benefits with the workers' compensation insurer in a "full and final compromise

FINDINGS AND RECOMMENDATION OF
U.S. MAGISTRATE JUDGE - PAGE 8

settlement agreement". *Id*. at 118, 918 P.2d at 678.  The claimant, however, specifically reserved "future medical and hospital benefits" for future resolution.  *Id*.

Subsequent to her settlement the plaintiff in *Poteat* filed a lawsuit against the insurer alleging it committed bad faith.  She alleged the insurer was liable for bad faith based on conduct in which it engaged prior to the settlement, and also for conduct in which it engaged subsequent to the settlement agreement.  *Poteat*, at 119, 918 P.2d at 678.

The Montana Supreme Court severed the plaintiff's bad faith claims which were premature from the plaintiff's other bad faith claims which were ripe for review.  The Court found that the plaintiff's future medical and hospital benefit claims reserved in her settlement agreement were unresolved.  Therefore, in accordance with Mont. Code Ann. § 33-18-242(6)(b) the Court held the plaintiff could not proceed with her bad faith claim for conduct the insurer committed after the settlement agreement "unless or until she obtains a judgment or settlement of the unresolved future medical benefits[.]"  *Poteat*, at 120, 918 P.2d at 679.

In contrast to the bad faith claims that the Court found were premature the Court permitted the plaintiff to proceed with her bad faith claims which were ripe.  The Court found the plaintiff's claims for compensation and past medical benefits

were fully settled by the parties.  Consequently, the Court
concluded the plaintiff's bad faith claims arising from conduct
the insurer committed before the settlement "have their basis in
a valid existing settlement agreement[]" and, therefore, pursuant
to Mont. Code Ann. § 33-18-242(6)(b) the Court held the plaintiff
could pursue her UTPA claims stemming from the insurer's pre-
settlement bad faith conduct.  *Poteat*, at 121, 918 P.2d at 679.

In this case Plaintiffs have viable bad faith claims based
on a valid existing settlement agreement.  Mr. Jimenez entered a
settlement agreement which finally resolved his claims for
benefits as of the date of the parties' Stipulation.  In
accordance with *O'Connor* and *Poteat* the Plaintiffs' statutory and
common law bad faith claims stemming from Mr. Jimenez's settled
workers' compensation claims and conduct Defendant allegedly
committed prior to the Stipulation are ripe for review and are
not barred by Mont. Code Ann. § 33-18-242(6)(b).  Upon review of
the Plaintiffs' Complaint, the Court finds all of their
allegations pertain to Defendant's conduct it committed prior to
the parties' August 16, 2006 Stipulation.  Plaintiffs do not
allege Defendant is liable for bad faith conduct it committed
subsequent to the Stipulation.  Therefore, Plaintiffs may proceed
with their statutory and common law bad faith claims and

Defendant's motion should be denied.[1]

## B. Infliction of Emotional Distress

Defendant moves to dismiss Count III of Plaintiffs' Complaint which alleges Defendant is liable for negligent or intentional infliction of emotional distress.  Defendant believes the Complaint fails to allege Plaintiffs suffered "serious or severe emotional distress" as required to state a claim for relief.

Under Montana law an independent cause of action for either negligent or intentional infliction of emotional distress arises "where serious or severe emotional distress to the plaintiff was the reasonably foreseeable consequence of the defendant's [negligent or intentional] act or omission."  *Sacco v. High Country Independent Press, Inc.*, 896 P.2d 411, 425, 426, 428 (Mont. 1995).

In this case the Plaintiffs sufficiently allege a cause of action for the infliction of emotional distress upon which relief could be granted.  Plaintiffs allege that "Leo and Lisa suffered severe emotional distress", and that such distress was a "reasonably foreseeable" consequence of Defendant's conduct.

---

[1]Defendant also contends Plaintiffs do not have a judgment entered in their favor.  Under Mont. Code Ann. § 33-18-242(6)(b), however, the parties' Stipulation is sufficient by itself to allow Plaintiffs' bad faith claims to proceed without the entry of a judgment.

FINDINGS AND RECOMMENDATION OF
U.S. MAGISTRATE JUDGE - PAGE 11

(Pls.' Compl. at ¶¶ 68-69.)  These allegations are sufficient under *Sacco* to state a cause of action for the infliction of emotional distress, and are sufficient to allow Plaintiffs to proceed to present facts in support of the claim entitling them to relief.[2]  Therefore, Defendant's motion should be denied.

## C.  Constitutional Claims of Privacy and Due Process

Defendant moves to dismiss Count IV of Plaintiffs' Complaint which alleges Defendant violated Mr. Jimenez's rights under the Montana constitution to "individual privacy and due process when it communicated with Leo's healthcare providers without Leo's knowledge or consent."  (Pls.' Compl. at ¶ 72.)  As Defendant correctly notes, and the Plaintiffs concede, pursuant to the Montana Supreme Court's ruling in *State v. Long*, 216 Mont. 65, 71, 700 P.2d 153, 157 (1985), the privacy right under the Montana Constitution only prohibits the invasion of privacy by state action.  One private citizen's invasion of another private citizen's privacy does not violate Montana's constitutional right to privacy.  *Long*, at 69, 700 P.2d at 156 (adopting the rationale of the dissenters in *State v. Hyem*, 630 P.2d 202 (Mont. 1981)).

---

[2]*Sacco* establishes the correct elements of proof to maintain an independent cause of action for the infliction of emotional distress which Plaintiffs have pled in this case.  *Seltzer v. Morton*, 2007 MT 62, ¶ 119 n.11, ___ Mont. ___, ¶ 119 n.11, ___ P.3d ___, ¶ 119 n.11.  The Court recognizes, however, that the elements of an independent cause of action for emotional distress "does not define the standard for proving emotional distress damages incurred pursuant to torts in general[.]"  *Id.*

FINDINGS AND RECOMMENDATION OF
U.S. MAGISTRATE JUDGE - PAGE 12

There is no state action involved in this case.  Defendant is a private actor who allegedly violated Mr. Jimenez's right to privacy through its *ex parte* communications with Mr. Jimenez's healthcare provider.  Therefore, under the circumstances of this case Plaintiffs cannot state a claim for relief for a violation of Mr. Jimenez's right to privacy, and the claim should be dismissed.

While acknowledging the holding in *Long*, the Plaintiffs nonetheless request the Court to somehow qualify the law in *Long* and expand the constitutional right of privacy to proscribe the actions of private actors.[3]  The Court, however, is not at liberty to engage in such an exercise.

Sitting in diversity jurisdiction over this case, this Court must apply the substantive law of the forum state.  *Downing v. Abercrombie & Fitch*, 265 F.3d 994, 1005 (9th Cir. 2001).  Accordingly, the Court would sit in the same "posture" as a Montana state court so that there should be no different result

---

[3]Plaintiffs also cite to *Simms v. Montana Eighteenth Judicial Dist. Court*, 2003 MT 89, ¶ 32, 315 Mont. 135, ¶ 32, 68 P.3d 678, ¶ 32 as authority to extend the Montana constitutional right to privacy to proscribe the actions of private actors. However, *Simms* involved issues of competing interests which a court must weigh before it orders an independent medical examination pursuant to Mont. R. Civ. P. 35 in a case involved in litigation.  Under those circumstances a court-ordered medical examination effectively constitutes "state action" to which the constitutional right to privacy applies, not action of a private individual.

FINDINGS AND RECOMMENDATION OF
U.S. MAGISTRATE JUDGE - PAGE 13

in the federal proceedings than could be achieved in a state court proceeding. *Hawthorne Savings F.S.B. v. Reliance Ins. Co. of Illinois*, 421 F.3d 835, 841 (9th Cir. 2005) as amended and superceded 433 F.3d 1089 (9th Cir. 2006). The Montana Supreme Court's decision in *Long* is controlling on the constitutional right to privacy law to be applied in this case, and this Court is without authority to ignore that decision.

Defendant also moves to dismiss Plaintiffs' due process claim associated with their right to privacy claim. Plaintiffs do not respond to this aspect of the Defendant's motion, and their failure to respond is deemed an admission that Defendant's motion is well taken. L.R. 7.1(I).

Substantive due process rights guaranteed under the Montana Constitution apply when state action violates a person's rights. *Montanans for Justice v. State ex rel. McGrath*, 2006 MT 277, ¶ 29, 334 Mont. 237, ¶ 29, 146 P.2d 759, ¶ 29. Defendants' conduct alleged in this case does not involve any state action. Therefore, Plaintiffs' due process claims should be dismissed.

### D. Punitive Damages Claim

Defendant moves to dismiss Plaintiffs' punitive damages claim. It first contends that if the Court dismisses all of the Plaintiffs' other causes of action in this case then the Court should dismiss Plaintiffs' punitive damages claim since the law does not recognize an independent cause of action for punitive

FINDINGS AND RECOMMENDATION OF
U.S. MAGISTRATE JUDGE - PAGE 14

damages absent a viable cause of action for compensatory damages.

The Plaintiffs' bad faith and emotional distress claims, as noted, should survive dismissal.  Plaintiffs' statutory bad faith claims, if successful, may support an award of punitive damages.  Mont. Code Ann. § 33-18-242(4).  Accordingly, this aspect of the Defendant's motion should be denied.

Defendant next argues Plaintiffs' punitive damages allegations of "actual fraud" and "actual malice" do not sufficiently plead with particularity all the elements of those two grounds for punitive damages.  Therefore, Defendant requests the Court dismiss Plaintiffs' punitive damages claims.

Punitive damages are governed by statutory law in Montana.  State law provides that "reasonable punitive damages may be awarded when the defendant has been found guilty of actual fraud or actual malice."  Mont. Code Ann. § 27-1-221(1).  Both actual fraud and actual malice are expressly defined by statute at Mont. Code Ann. § 27-1-221(2) and (3).  To the extent Plaintiffs assert punitive damages are based on their allegations of "actual malice", from a pleading standpoint all that is required to impose liability for an award of punitive damages are allegations of "actual malice" under § 27-1-221(1).  For purposes of a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Plaintiffs should be allowed to proceed to present facts in support of their allegations of "actual malice" that would entitle them to an

FINDINGS AND RECOMMENDATION OF
U.S. MAGISTRATE JUDGE - PAGE 15

award of punitive damages.  *Tanner v. Heise*, 879 F.2d 572, 576 (9th Cir. 1989).  Defendant's motion to dismiss Plaintiffs' allegations of actual malice in support of their claim for punitive damages should be denied.

Plaintiffs' allegations of "actual fraud" in support of their claim for punitive damages, however, are insufficient. Rule 9(b) of the Fed. R. Civ. P. instructs that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."  The particularity requirement must satisfy two elements.  First, the "allegations must identify the time, place, and content of the alleged misrepresentation so that the defendant can identify the statement."  *Smith v. Allstate Ins. Co.*, 160 F. Supp. 2d 1150, 1152 (S.D. Cal. 2001) (citing *In re GlenFed, Inc., Sec. Lit.*, 42 F.3d 1541, 1547-48 (9th Cir. 1994)).  Second, the allegations must contain "facts explaining why the statement was false when it was made."  *Id*.

The requirement that averments of fraud must be pled with particularity applies to allegations of actual fraud in support of a claim for punitive damages.  The particularity requirement generally arises in the context of a cause of action for common law fraud which requires a plaintiff to allege with particularity facts in satisfaction of each of the nine elements of fraud.  *See In re Estate of Kindsfather*, 2005 MT 51, ¶ 17, 362 Mont. 192, ¶

17, 108 P.3d 487, ¶ 17 (setting forth the nine elements of
fraud).  Although the Plaintiffs in this case do not allege a
cause of action for common law fraud and instead seek an award of
punitive damages based on "actual fraud", neither Fed. R. Civ. P.
9(b) nor Mont. R. Civ. P. 9(b) draws a distinction between
allegations of actual fraud for punitive damages and a cause of
action for common law fraud.  The particularity requirement
applies to "all averments of fraud".

     The statutory definition of "actual fraud" requires some
minimal factual support for the claim.  The statute states that
actual fraud exists "if the defendant:

     (a) makes a representation with knowledge of its falsity; or

     (b) conceals a material fact with the purpose of depriving
     the plaintiff of property or legal rights or otherwise
     causing injury."

Mont. Code Ann. § 27-1-221(3)(a) and (b).  Therefore, as required
by Rule 9(b) a claim for punitive damages based on actual fraud
must allege that a defendant either made a false representation
or concealed a material fact for the purpose of causing injury.
A plaintiff must allege with particularity the content of the
false representation or the identification of the material fact
concealed.  *See Munson v. Allstate Ins. Co.*, CV 04-214-M-DWM,
Findings and Recommendation of U.S. Magistrate Judge at 10-13 (D.
Mont. May 24, 2005) and Order at 3-4 (D. Mont. August 24, 2005).
*See e.g. Javurek v. Jumper*, 2005 WL 465571, *4, 609 S.E.2d 498

FINDINGS AND RECOMMENDATION OF
U.S. MAGISTRATE JUDGE - PAGE 17

(N.C. App. 2005) (requiring that allegations of fraud in support of a claim for punitive damages must be set forth with particularity).

Based on the foregoing, the Court finds Plaintiffs' claim for punitive damages based on actual fraud is defective.  The Complaint does not identify any false representation Defendant made, or any material fact Defendant concealed.  Absent allegations of actual fraud stated with particularity the claim should be dismissed.  However, since it is not clear the Complaint could not be saved by amendment, the claim should be dismissed without prejudice.