FILED
MISSOULA, MT

2007 MAY 7 PM 12 59

PATRICK E. DUFFY
BY_____
**DEPUTY CLERK**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | | |
|---|---|---|
| JOSE "LEO JIMENEZ and LISA JIMENEZ | ) ) ) | CV 06-164-M-DWM |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | ORDER |
| LIBERTY NORTHWEST INSURANCE CORP. d/b/a/ LIBERTY MUTUAL FIRE INSURANCE CO. d/b/a/ LIBERTY NORTHWEST | ) ) ) ) ) | |
| Defendants. | ) ) ) | |

## I.  Introduction

United States Magistrate Judge Jeremiah C. Lynch entered Findings and Recommendation in this matter on April 11, 2007, regarding Defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  Judge Lynch recommended granting the motion in part and denying it in part.  Defendant timely objected on April 25, 2007.  Defendant is therefore entitled to a *de novo* determination

-1-

of those portions of the Findings and Recommendation to which
objection is made.   28 U.S.C. § 636(b)(1).   The portions of the
Findings and Recommendation not specifically objected to will be
reviewed for clear error.   *McDonnell Douglas Corp. v. Commodore*
*Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

I agree with Judge Lynch's analysis and conclusions.   The
Parties are familiar with the procedural history and the factual
background so they will not be restated here.

## II.   Analysis

Judge Lynch recommended denying Defendant's motion to
dismiss Count IV of Plaintiffs' Complaint, alleging statutory and
common law bad faith claims.   As Judge Lynch recognized, a third
party claimant, such as the Plaintiffs, may bring a bad faith
action against an insurance company "after the underlying claim
has been settled or a judgment entered in favor of the claimant
on the underlying claim."   Mont. Code Ann. § 33-18-242(6)(b)
(2005).   Based on the Montana Supreme Court's interpretation of
what constitutes a settlement for purposes of section
33-18-242(6)(b), Judge Lynch concluded the Plaintiffs can proceed
with their bad faith claims because the parties' stipulation in
the underlying action constituted a settlement, even though the
issue of future domiciliary care remains open.

Defendant's objections primarily addressed this
recommendation.   Defendant contends the court should dismiss the

-2-

bad faith claims because there was no settlement or final
judgment in the underlying action.

The Montana Supreme Court has stated that "the accrual date
of a bad faith claim arising out of a separate and independent
disputed issue [is determined by] whether that particular issue
has been ultimately resolved, regardless of the existence or
absence of a resolution of other issues within the workers'
compensation case. *O'Connor v. Natl. Union Fire Ins. Co.*, 2004
MT 65, ¶ 22, 320 Mont. 301, ¶ 22, 87 P.3d 454, ¶ 22.  In
*O'Connor*, the court determined a judgment by the state Workers'
Compensation Court was final for purposes of a bad faith action
when the judgment ordered the insurance company to pay previously
denied benefits.  The court concluded the bad faith action had
accrued even though the judgment left open the question of the
total extent and duration of the worker's disability.  *Id.*, ¶ 28.

Similarly, the Montana Supreme Court concluded that a
settlement agreement was final for purposes of a bad faith claim,
even when some issues remained between the parties.  *Poteat v.
St. Paul Mercury Ins. Co.*, 277 Mont. 117, 120, 918 P.2d 677, 679
(1996).  The settlement between Poteat and the insurer was a
"full and final compromise settlement," except that it reserved
the issue of future medical and hospital benefits.  *Id.*  The
court distinguished between the bad faith claims based on events
prior to the settlement agreement and bad faith claims based on

events related to alleged breaches of the settlement agreement.
*Id.* at 120-21, 918 P.2d at 679-80.  Because the claims based on
breaches of the settlement agreement related to the payment of
future medical benefits, those issues were not settled for
purposes of section 33-18-242(b)(6), and the court dismissed
them.  However, the claims relating to "practices committed
*before* settlement" could proceed because they "ha[d] their basis
in a valid existing settlement agreement."  *Id.*

Judge Lynch correctly relied on both *O'Connor* and *Poteat* to
conclude that the stipulation between the parties is a settlement
for purposes of allowing a bad faith claim under Mont. Code Ann.
§ 33-18-242(6)(b).  As in *O'Connor* and *Poteat*, the Plaintiffs may
bring a bad faith claim based on the resolution of issues in the
stipulation agreement between Plaintiffs and Defendant,
"regardless of the existence or absence of a resolution" of
future domiciliary care issues.  *O'Connor,* ¶ 22.  As Judge Lynch
noted, the Plaintiffs' bad faith claims address only actions that
occurred before they reached the stipulation settling all issues
except future domiciliary care.  Like *Poteat*, the events prior to
the stipulation are now ripe for review in a bad faith action.
Thus, Judge Lynch appropriately concluded that the court should
not dismiss Count IV of the Plaintiffs' Complaint.

Judge Lynch also recommended denying the motion to dismiss
as to Count III of Plaintiffs' Complaint, alleging infliction of

emotional distress.  Defendant briefly objects to this recommendation, arguing that the claim "is more properly construed as an element of alleged damages" of the bad faith claims and asserting that the emotional distress claim should be dismissed if the bad faith claims are also dismissed.  As Judge Lynch correctly noted, Montana recognizes an independent cause of action for intentional or negligent infliction of emotional distress.  *Sacco v. High Country Independent Press, Inc.*, 896 P.2d 411, 427 (1995).  Thus, even if the court dismissed the bad faith claims, Plaintiffs still have the right under *Sacco* to assert an emotional distress claim.  Because Plaintiffs sufficiently allege both elements of a claim for emotional distress in their Complaint, Judge Lynch correctly concluded the claim should not be dismissed.

Although Defendant states that it objects to the denial of its motion "in all other respects," the objections do not specifically address the recommendation denying the dismissal of Plaintiffs' punitive damages claim.  Thus, that recommendation is only reviewed for clear error.  Judge Lynch did not commit clear error in denying the motion as to punitive damages because Montana Law permits punitive damages in bad faith actions.  Mont. Code Ann. § 33-18-242(4).  Because the bad faith claims have not been dismissed, the Plaintiffs may request punitive damages.

Finally, neither party objected to the recommendations to

dismiss Plaintiffs' Count IV, alleging violations of Plaintiffs'
rights to privacy and due process, and to dismiss without
prejudice Plaintiffs' claim for punitive damages with respect to
actual fraud.  Judge Lynch did not commit clear error with
respect to these recommendations.  First, he correctly relied on
*State v. Long*, 216 Mont. 65, 700 P.2d 153 (1985) to conclude
Plaintiffs have no right of action against another private party
for a violation of the right to privacy.  Judge Lynch accurately
concluded that Plaintiffs' failure to respond as to the due
process claim is deemed an admission that the motion is well
taken.  L.R. 7.1(i).  Because the Plaintiff did not plead fraud
with particularity, as required by Fed. R. Civ. P 9(b), Judge
Lynch correctly recommended dismissing the punitive damages claim
with respect to actual fraud.

### III.  Conclusion

Accordingly, IT IS HEREBY ORDERED that Judge Lynch's
Findings and Recommendation are adopted in full.  Defendant's
motion to dismiss is GRANTED IN PART and DENIED IN PART as
follows:

(1)   Defendant's motion to dismiss with respect to Count IV of
the Complaint alleging violations of Plaintiffs' rights to
privacy and due process is GRANTED and the claim is
DISMISSED.

(2)   Defendant's motion to dismiss with respect to COUNT V,

-6-

requesting punitive damages as to actual fraud, is GRANTED
and the claim is DISMISSED without prejudice.

(3) Defendant's motion to dismiss is DENIED in all other
respects.

Dated this _____ day of _____ , 2007.

Donald W. Molloy, Chief Judge
United States District Court

-7-